**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| PATRICK M. CICERO, | : | No. 568 MAL 2023 |
| | : | |
| Respondent | : | |
| | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| v. | : | Commonwealth Court |
| | : | |
| | : | |
| PENNSYLVANIA PUBLIC UTILITY | : | |
| COMMISSION, | : | |
| | : | |
| Petitioner | : | |

| | | |
|---|---|---|
| PATRICK M. CICERO | : | No. 569 MAL 2023 |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| PENNSYLVANIA PUBLIC UTILITY | : | |
| COMMISSION | : | |
| | : | |
| | : | |
| PETITION OF:  EAST WHITELAND | : | |
| TOWNSHIP | : | |

| | | |
|---|---|---|
| PATRICK M. CICERO | : | No. 570 MAL 2023 |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| PENNSYLVANIA PUBLIC UTILITY | : | |
| COMMISSION | : | |
| | : | |
| | : | |
| PETITION OF:  AQUA PENNSYLVANIA | : | |
| WASTEWATER, INC. | : | |

**<u>ORDER</u>**

**PER CURIAM**

**AND NOW**, this 14th day of June, 2024, the Petition for Allowance of Appeal filed by the Pennsylvania Public Utility Commission at 568 MAL 2023 is **GRANTED**. The issues, as stated by Petitioner, are:

(1)     Did the Commonwealth Court depart from accepted judicial practices and abuse its discretion when it failed to give deference to the Commission's interpretation of 66 Pa.C.S. §§ 1102, 1103 and 1329 and re-weighed the evidence presented to the Commission?

(2)     Did the Commonwealth Court abuse its discretion when it violated the Rules of Statutory Construction and issued an Order inconsistent with the intent of the General Assembly?

(3)     Is the Commonwealth Court Order inconsistent with the controlling authority of the Pennsylvania Supreme Court decision in *Popowsky* and the Commonwealth Court decision in *McCloskey*?

The Petition for Allowance of Appeal filed by East Whiteland Township at 569 MAL 2023 is **GRANTED**. The issues, as stated by Petitioner, are:

(1)     The PUC has a policy of encouraging well-organized, investor-owned utilities to purchase smaller, locally-owned and operated water and wastewater systems. In 2016, the General Assembly enacted Section 1329 of the Code, codifying incentives for investor-owned utilities to make fair market value purchases of viable locally-owned systems. The law requires purchasers to prove that the acquisition is necessary or proper for the service, accommodation, convenience, or safety of the public. This Court's prior decisions provide that, in considering applications, the Commission should consider rate increases "in a general fashion." Is the Commission required to deny a Section 1329 application merely because customers' rates might increase?

(2)     This Court previously stated that the General Assembly did not intend for Pennsylvania appellate courts, upon review, to reweigh the various factors considered by the Public Utility Commission when granting a certificate of public convenience. Rejecting the evidence the Commission credited in its opinion, the Commonwealth Court reversed the Commission's decision to award Aqua a certificate of public convenience in connection with its proposed acquisition of East Whiteland Township's system. Was the Commonwealth Court allowed to substitute its judgment for the Commission's judgment?

The Petition for Allowance of Appeal filed by Aqua Pennsylvania Wastewater, Inc. at 570 MAL 2023 is **GRANTED**. The issues, as stated by Petitioner, are:

(1)     Whether, in a case of first impression and statewide importance, the Commonwealth Court's holding that a utility purchaser is not entitled to a Certificate of Public Convenience ("CPC") under Section 1103 of the Pennsylvania Public Utility Code and a rate base determination under and in accordance with Code Section 1329, notwithstanding that it has proven that the CPC is necessary or proper for the service, accommodation, convenience or safety of the public, that there are substantial affirmative benefits from the transaction, is erroneous, particularly in circumstances where the Commonwealth Court failed to give appropriate deference to the []PUC's findings, disregarded long-standing policy and precedent and undermined the letter and spirit of the Code sections in question[.]

(2)     Whether this Court should accept this appeal to reconcile a conflict between the Commonwealth Court's decision in this case and its decision in *McCloskey v. Pa. Pub. Util. Comm'n*, 195 A.3d 1055 (Pa. Cmwlth. 2018) *alloc. denied* No. 703 MAL 2018 (April 23, 2019) ("*McCloskey*"), and related precedents regarding what a utility purchaser must establish to obtain a CPC under Sections 1103 and 1329 of the Code[.]

(3)     Whether, as a matter of public policy, this Court should accept this appeal to bring clarity and predictability to issues involving the sale and purchase of water and wastewater systems affecting utility customers throughout the Commonwealth[.]

The Prothonotary is directed to consolidate these cases and to schedule them to be argued together.

The Applications for Leave To File *Amici Curiae* Brief in Support of Petitions For Allowance of Appeal are **GRANTED**.

The Application to Supplement Petition for Allowance of Appeal filed by Petitioner East Whiteland Township is **DENIED**. Petitioner East Whiteland Township is, however, permitted to discuss in its appellate brief those matters raised in its Application to Supplement Petition for Allowance of Appeal.